**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5302-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

EDWIN POLYNICE,

     Defendant-Appellant.

_____

Submitted October 15, 2020 – Decided  November 5, 2020

Before Judges Alvarez and Geiger.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 11-08-1594.

Joseph E. Krakora, Public Defender, attorney for appellant (John V. Molitor, Designated Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Debra G. Simms, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Edwin Polynice appeals from the May 14, 2019 denial of his third petition for post-conviction relief, in which he alleged ineffective assistance of counsel. For the reasons that follow, we affirm.

Defendant was charged in nine counts of an indictment with offenses related to a May 11, 2011 incident. That evening, while defendant and his wife were arguing, defendant's wife called her family for help. After her sister and two nephews arrived at the apartment building, the conflict only intensified. Defendant and one of his nephews began to struggle in the building hallway, causing the building superintendent to warn the parties that he was going to call police. At that juncture, defendant went back into the apartment, returning with a kitchen knife. He stabbed his sister-in-law in the stomach and one of his nephews in the neck. At sentencing, the victims claimed defendant bit the other nephew on the hand. After stabbing his nephew in the neck, defendant pulled the knife out, discarded it, and attempted to flee. The victims appeared at sentencing and defendant did not then dispute this version of the facts.

Defendant entered a guilty plea to first-degree attempted murder, N.J.S.A. 2C:5-1 and 2C:11-3, second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1), and fourth-degree unlawful possession of a knife, N.J.S.A. 2C:39-5(d). There is no question that defendant to that point had led a seemingly blameless life,

was a family man, worked three jobs, and had earned a college degree. On June 5, 2012, he was sentenced to concurrent terms: ten years subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, on the attempted murder; five years subject to NERA on the aggravated assault; and six months on the unlawful possession of a knife.[1]

Thereafter, on April 9, 2013, the matter was heard on the excess sentence oral argument calendar. See R. 2:9-11. The order entered that same day states that the sentence was found to be "not manifestly excessive or unduly punitive and does not constitute an abuse of discretion." Defendant filed two timely petitions for post-conviction relief (PCR), both of which were dismissed without prejudice. No information regarding those petitions, or the dismissals, was included in the record on appeal.

In this third petition, filed May 2018, defendant alleges that his second PCR petition was withdrawn and dismissed on November 7, 2016, without notice to him. He further alleges he was not told about the dismissal until he wrote to the court on April 2, 2018, and was informed a few days later regarding

---

[1] Defendant contends on appeal that mitigating factor six should have been argued by his attorney, that he would make restitution to the victims, N.J.S.A. 2C:44-1(b)(6), however, the judgment of conviction (JOC) does not indicate any restitution was ordered despite being discussed.

3

the outcome. The record contains no indication if defendant was represented, or the reason for the second dismissal.

The judge found defendant's claim no one notified him of the dismissal for two years constituted excusable neglect, which should result in a relaxation of Rule 3:22-12(a)(1). The rule states "no petition [for PCR] shall be filed . . . more than [five] years after the date of entry . . . of the judgment of conviction." After finding excusable neglect, the court went on to deny relief on the merits.

At sentencing, defendant, his attorney, his wife and his sister pleaded with the judge not to incarcerate defendant because of his good character and his family's dependence upon him. Counsel did not enumerate specific mitigating factors, instead arguing that the judge should sentence defendant "below the sentencing guidelines" because of his exemplary prior history. Defendant's attorney said, "we're asking that you make a downward departure."

Therefore, the judge who denied the petition concluded that counsel presented the necessary proof and arguments, had the sentencing court been convinced, for a downgrade and a lesser sentence than the ten years called for by the plea agreement. Thus, the judge opined, defendant failed to establish the first prong of the Strickland test, that the representation he received fell outside of the realm of adequate representation. Strickland v. Washingon, 466 U.S. 668,

4

687 (1984). Defendant's attorney had in fact argued for a reduced term of imprisonment.

On appeal, defendant raises the following point:

> THIS COURT SHOULD REVERSE THE TRIAL COURT'S DECISION TO DENY THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF BECAUSE THE DEFENDANT'S ATTORNEY DID NOT ARGUE FOR SEVEN MITIGATING FACTORS THAT ARE SUPPORTED BY THE RECORD.

We review de novo the Law Division's legal conclusions as to a PCR petition and factual inferences from the record as no evidentiary hearing was conducted. State v. Harris, 181 N.J. 391, 415 (2004).

First, we do not agree as a matter of law that defendant's claimed ignorance about the dismissal of his second PCR petition constitutes excusable neglect. The responsibility rested on defendant to monitor the status of the petition. Two years is too lengthy a period of time in which to make no inquiry. Defendant offers no explanation for his failure to exercise due diligence.

In any event, pursuant to Rule 3:22-4(b), defendant is barred from raising these grounds as a basis for relief since he was more than aware of his attorney's presentation during the sentence hearing. The rule clearly states that only those issues that could not have been raised during the course of a first petition are to

be entertained in a second or subsequent petition. See R. 3:22-4(b). Defendant knew he was unhappy with his attorney's performance since 2012. The issue could have been raised, but apparently was not. Defendant is barred by the rule from raising the argument now.

The New Jersey Supreme Court has said, "[o]ur courts will find fundamental injustice when the judicial system has denied a 'defendant . . . fair proceedings leading to a just outcome' or when 'inadvertent errors mistakenly impacted a determination of guilt or otherwise wrought a miscarriage of justice.'" State v. Nash, 212 N.J. 518, 546 (2013) (quoting State v. Mitchell, 126 N.J. 565, 587 (1992)). No fundamental injustice results from applying the time or Rule 3:22-4(b) bar because defendant's contentions have no merit, in addition to the fact no excusable neglect explains the delay in inquiring about the status of the petition, and his third PCR petition relies on arguments that could have been made in the first.

In this case, several of the mitigating factors defendant now contends should have been found in his case are not supported by the record. An assailant who enters his home to retrieve a weapon, and leaves the safety of his residence in order to return to the scene to attack others, is not a person acting in self-defense, under a strong provocation, or whose conduct can be excused or

justified.  See N.J.S.A. 2C:3-4, N.J.S.A. 2C:44-1(b)(3), (4).  The victims did not induce or facilitate the assaults.  N.J.S.A. 2C:44-1(b)(5).  A person who stabs another in the stomach and a second in the neck, was effectively represented by being permitted to plead guilty to concurrent, not consecutive, terms.  Despite inflicting grave harm on two victims, he received a favorable sentence—the lowest possible term of years within the first-degree range.

Therefore, defendant has not met the Strickland standard.  It was not ineffective for defendant's attorney to have failed to argue for leniency relying on mitigating factors that do not apply.

The only mitigating factor not found by the court, which is supported by the evidence, is mitigating factor eleven, the hardship that imprisonment inflicts on defendant's family.  Unfortunately, that is true in most cases.  Absent some extraordinary circumstance, not present in this record, that factor even if found likely would have been given slight weight.  Every family suffers, emotionally and financially, from the imprisonment of a husband, father, or brother.  The court's failure to find that factor, and counsel's failure to name it, was harmless error given defendant, his family, and counsel all spoke to that issue.

In sum, the five-year time bar applies, as defendant does not establish excusable neglect.  See R. 3:22-12.  Defendant is also barred because he now

raises, in his third petition, a claim that could have been raised in the first.  See R. 3:22-4(b).  Defendant could have raised the issue of ineffective assistance of counsel in his first or second petition.  See ibid.  Since the arguments defendant now raises lack merit, no fundamental injustice would result from concluding defendant's petition is barred for either reason.  See Nash, 212 N.J. at 546.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5302-18T4